## THE PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY *vs.* JAMES DEVERS.

*Master and Servant—Duty of Employer to Provide Safe Appliances— Watch-box of Flagman Placed Too Near Railway Tracks—Risks Assumed by the Servant.*

Plaintiff was a flagman at a railway crossing and was provided with a watch-box for his use when not obliged to be outside  The box was placed near the tracks and plaintiff had used it for several months.

During his absence on a certain day the box was taken away by the railway company's employees for the purpose of being repaired and was put back in a position too near the tracks. When plaintiff came on duty in the evening he did not notice that the box had been remcved, and while he was in it, the box was struck by a passing train and the plaintiff was injured. *Held*, that the railway company is liable for the injury so occasioned, since a watch-box is within the rule requiring the master to provide and maintain reasonably safe appliances and places for his employees, and that this duty is not discharged by showing that due care was exercised in the selection of the fellow-servants who maintain the appliances.

*Held*, further, that the plaintiff assumed the risks that were incident to the use of a box properly located, and such other risks as he ought to have known, but he did not assume the rtsk of a watch-box placed, without his knowledge, so close to the track as to be liable to be struck by passing trains.

Appeal from the Circuit Court for Cecil County (Brown, J.), where there was a verdict for plaintiff for $2,500.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Schmucker and Jones, JJ.

*L. M. Haines* and *A. L. Crothers*, for the appellant.

*Joshua Clayton* (with whom was *Albert D. McDade* on the brief), for the appellee.

Page, J., delivered the opinion of the Court.

The facts of this case are as follows. The appellee was a flagman in the employ of the appellant at the crossing of a street over its railroad in the city of Chester, in the State of Pennsylvania. His duty was to watch for passing trains and give notice thereof to persons passing along the highway. For the better performance of his duty the appellant provided him with a watch-box where he could find shelter when not obliged to be upon the track. He had been so employed for more than seven years. Three tracks, two of them main, and one a siding, there crossed the street. The box was placed between the two main tracks; it was about eight feet high, four feet across, and weighed three or four hundred pounds. It had been in use several months. On the morning of the ac-

cident it had been moved temporarily by the employees of the appellant, from its foundation for the purpose of being repaired. The appellee whose term of service was at night, was absent while the repairs were being made. He returned to his work before the repairs was fully completed, but after the box had been moved back to the place where it belonged. There was testimony tending to show that it was replaced apparently in its original position with relation to the location of the track; and no change was observable other than that the step had been removed and some alteration had been made in its structure. He testified that on his return he noticed no change in the location of the box; it was "apparently in the same position;" far enough away not to be hit; as far as he could see, it was "in a safe place," he "didn't think of injury." It was also in testimony, that the appellee when he arrived at his place was about to enter the box to leave his kettle and other things needed by him during the night, when the box was struck by a passing engine and the injury of which he complains was inflicted. At the close of the trial the appellant excepted to the action of the Court upon the instructions asked for by the respective parties.

The substantial question in the case is whether this watch-box under the circumstances of this case falls within the familiar rule that requires the master to exercise all reasonable care to provide and maintain proper and safe machinery, appliances and places for his employees, and that such duty he cannot avoid by showing that he has used reasonable diligence in the selection of his agents to perform the work. In such a case the negligence of the servant to discharge this duty would be a negligence imputable to the master for which he would be responsible, and this is so because there rests on the master a positive duty which he cannot delegate. These principles are too well settled to require further statement, or citation of authority. They are sustained in the following cases. *Russell's case*, 88 Md. 571; *Jamar's case*, 93 Md. 412. But the appellant contends that the watch-box ought not to be considered as a structure or appliance, or "a place in which

to work," but must be regarded as "a structure used as inci-
dental to the work." The distinction thus sought to be made
in order to relieve the master of his obligation, we think is
more fanciful than real. It is certainly not borne out by any
of the cases cited to support it, *Yates*, 69 Md. 370; *Stricker*,
51 Md. 69; *Goodnow*, 95 Md. 330; *Strickling's case*, 88 Md.
500. In the first and second of these cases the master was
held not liable, because the servant after he became aware of the
defects in the machinery voluntarily continued in the service.
In the Strickling case it was held negligent to permit a rapidly
revolving shaft to remain unguarded without warning, to one
who was inexperienced and ignorant of the danger to those
coming in contact with it. In Goodnow's case the decision
of the Court turned upon the fact that the injury was caused
solely by the negligent selection and use by a fellow-servant
of a car without a good brake when there had been provided
other cars with safe brakes which might have been selected
and used. So that none of these cases and none other to
which we have been referred, are applicable here. On the
other hand, it seems to be difficult to assign any good reason
why this box should not be regarded as a structure or
appliance or place assigned to the appellee, proper to be oc-
cupied in the discharge of his duties as a watchman of the
crossing. The service assigned for him to do was to notify
persons of the approach of passing trains. When actually
engaged in thus giving notice it is true his duty would call
him out of the box on the road where he might more effici-
ently notify those passing the highway, but when he was not
so engaged on the crossing, he was furnished with the box as
needed shelter from the weather. It was a provision made by
the company for his protection and comfort while engaged in
its service, and it was a necessary appliance for the proper
discharge of his duties. It was the proper place for him to
be when not actually engaged in waving his flag or performing
some other proper service outside. It was placed there for
that purpose, and the company expected him to so use it.

In this view of the matter it might be correctly said that

the appellee was as much engaged in the business of the company while using the box in the manner the company intended it should be used as he could be while outside upon the street waving his flag. It was the duty of the company to take reasonable and proper precautions to make it safe, and it was a duty it was bound to perform. It cannot then be maintained that if the box was originally not unsafe when it became out of repair the company would have discharged its full duty it if did no more than entrust to a competent servant the job of restoring it even though it used due care in the selection of such employee. There is no contention here that the repairs to the structure was the cause of the accident, but that in replacing it, it was located to near the track, so that it was struck by a passing engine, whereby the appellee was thrown over and injured. The proof shows that the box when replaced, was located too close to the track and was thereby brought within reach of the passing engine. It was the clear duty of the company to construct, and maintain this structure in a safe condition, so that it could be safely used. The duty of maintaining, as well as of constructing suitable and sound appliances rests upon the master, himself, and he cannot subject his employees to risks beyond those which are incident to the employment contemplated at the time of the contract of service, and the employee may presume that this duty has been discharged. *Stricker case,* 31 Md. 47; *Baker case,* 84 Md. 217.

The plaintiff's prayers are in accordance with this principle and were properly granted. The objection to the first prayer, that it does not properly submit to the jury to find the appellant's negligence, is not well taken. It requires it to find that the position of the watch-box was unsafe and dangerous, and in consequence thereof, the plaintiff was injured, &c. The appellee in accepting the employment of flagman took upon himself only the risks incident to the service known to him or discernible by ordinary care on his part. He assumed the risks that were incident to the use of a box properly located, and such others as he knew or ought to have

known by the exercise of reasonable care but he did not assume the risk of a watch-box placed without his knowledge, so close to the track as to be liable to be struck by passing trains. A watch-box so placed is a dangerous structure. As it stood at the time the appellee was injured it was a constant menace to those whose duties required them to use it. As was said by the United States Supreme Court in *Railroad* v. *McDade*, 191 U. S. 67, where the structure was an over-hanging spout, "it was so devoid of all exigencies of expense, necessity or convenience, so free of any consideration of skill except that of the foot rule, and so entirely destitute of any element of choice or selection, that not to make such a construction safe is a conviction of negligence."

After a careful examination of the whole record we are of the opinion the case was properly submitted to the jury.

*Judgment affirmed.*

(Decided June 20th, 1905.)